UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ALLDAYSHIRTS.COM, LLC**                    CASE NO.

      **Plaintiff,**

v.

**ALL ABOUT APPAREL INC.**
**d/b/a SHIRTSPACE**

      **Defendant.**
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ALLDAYSHIRTS.COM, LLC ("All Day Shirts" or "Plaintiff"), hereby pleads the following claims for Declaratory Judgment relief against Defendant All About Apparel Inc. d/b/a ShirtSpace ("ShirtSpace" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. In formal demands through its counsel, Defendant has asserted claims against All Day Shirts for Lanham Act violations including for trademark infringement, trademark dilution, and false advertising. All Day Shirts denies these allegations, and has expressed this to Defendant. This is an action for a declaratory judgment that All Day Shirts has (1) not infringed Defendant's alleged SHIRTSPACE trademark bearing United States Application Serial No. 90/040,352 (the "ShirtSpace Mark") or any other rights Defendant claims under the ShirtSpace Mark; (2) has not diluted the ShirtSpace Mark or any other marks claimed by Defendant; and (3) has not engaged in unfair competition, false advertising, or any other violation of the Lanham Act against - or as alleged by - Defendant.

Case No.:                    .

2. Both ShirtSpace and All Day Shirts sell blank t-shirts to the public at low prices. The business model for both companies includes an almost exclusive online presence. In an effort to drive customers to their websites, both All Day Shirts and ShirtSpace extensively advertise on the internet.

3. In an effort to limit fair competition in the market, ShirtSpace has demanded that All Day Shirts cease engaging in permissible advertising campaigns and to pay ShirtSpace alleged damages stemming from permitted advertising activities. This is being done in an effort to prevent or discourage All Day Shirts from engaging in fair competition with ShirtSpace.

4. Through this action, All Day Shirts seeks a declaration from this Court that its advertising campaigns do not infringe upon ShirtSpace's intellectual property rights and do not violate the Lanham Act.

## THE PARTIES, JURISDICTION, AND VENUE

5. All Day Shirts is a Florida Limited Liability Company with its principal place of business located in Broward County, Florida. The three members of All Day Shirts are Brian Roberts, Steven Roberts, and Scott Roberts. Brian Roberts and Scott Roberts are citizens of Florida. Steven Roberts is a citizen of Texas.

6. ShirtSpace is a Washington corporation with its principal place of business located in Ridgefield, Washington.

7. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"); (ii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over ShirtSpace based upon its substantial, continuous, and systematic contacts with this judicial district, its regular business contacts with the forum, including substantial sales of its products in this forum, substantial revenue generated from those sales, an interactive website solicited to and available within this District, and its efforts to enforce the ShirtSpace Mark and related Lanham Act claims against All Day Shirts, a known citizen of this forum.

## BACKGROUND AND GENERAL ALLEGATIONS

10. All Day Shirts was formed in 2020 by a group of veterans from within the garment industry.

11. As part of its marketing strategy, All Day Shirts runs extensive ads on Facebook, Google, and other platforms to drive customers to its business.

12. As part of its business model, and as is common in the industry (and many industries), All Day Shirts sometimes purchases the "ad word" of a competitor's name on Google in order to remain the top search result when a potential customer does a "Google search". This form of advertising, even if the word is trademarked, is permitted under law as well as Google's terms and conditions.

13. For a period of months, All Day Shirts also ran simple ads seeking to offset itself from ShirtSpace in common areas of competition such as price, selection, inventory, and consumer ratings. While All Day Shirts' advertisements were vetted for accuracy, they also amounted to routine puffery and common sales practices in a competitive market.

14. To the extent All Day Shirts referenced ShirtSpace on any advertisements, it did so in a way to fairly differentiate itself from ShirtSpace. Its advertisements did not utilize the ShirtSpace mark as a source of origin or sponsorship. Such use was not, and could not have been,

Case No.:                    .

likely to cause confusion, deception, or mislead consumers in any way as to the source, origin, or sponsorship of goods offered by the parties or their essential, measurable, or absolute characteristics.

15. Yet, on January 25, 2021, counsel for ShirtSpace wrote a demand to All Day Shirts claiming that its ads with reference to ShirtSpace and the ShirtSpace Mark constitute "trademark infringement, trademark dilution, and unfair competition under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., and applicable state laws, entitle ShirtSpace to injunctive relief, corrective advertisements, and subjecting ADS to liability in the form of disgorgement of its profits, as well as payment of ShirtSpace's attorneys' fees and costs and other damages." *See* Exhibit "A" (the "Demand Letter")

16. The Demand Letter goes on to describe a litany of activities which ShirtSpace wrongfully claims violate ShirtSpace's trademark rights and other violations of the Lanham Act and related law.

17. ShirtSpace concludes the letter by demanding that:

*[i]n order to avoid further legal action by ShirtSpace, ShirtSpace requests that ADS immediately*:

(1) discontinue further publication of the Accused Advertisement, including without limitation, by discontinuing further publication of any of the individual statements and unsubstantiated comparisons therein and other unsubstantiated claims regarding ShirtSpace;

(2) cease and desist from any and all use (by ADS and by all of its affiliates and licensees) of the SHIRTSPACE Mark (and SHIRT SPACE Mark) and any other term or design confusingly similar to the SHIRTSPACE Mark in connection with the sale of clothing, equipment, and accessories, including without limitation by ceasing to use the SHIRTSPACE Mark (and SHIRT SPACE Mark,) as a paid keyword in online searches;

Case No.:                 .

(3) provide ShirtSpace (through this firm) with an accounting of all of ADS's sales and traffic derived from the Accused Advertisement and pay to ShirtSpace ADS's profits from such sales;

(4) pay ShirtSpace's reasonable attorneys' fees associated with its enforcement of its rights against ADS as to be determined upon the final resolution of this matter; and

(5) certify in writing to ShirtSpace (through this firm) that ADS will comply with the above requests, by no later than close of business on Monday, February 1, 2021.

*Id.* (emphasis added)

18. Ironically, ShirtSpace engages in many of the activities described in the Demand Letter as trademark infringement or violations of the Lanham Act. For instance, ShirtSpace routinely purchases the ad word "Alldayshirts" on Google. *See* Exhibit "B".

19. For the foregoing reasons, there presently exists a justiciable controversy regarding the Plaintiff's right to purchase the ShirtSpace Mark through Google keyword advertising as well as to engage in fair comparative advertisements of its business with that of ShirtSpace.

### Count I – Declaratory Judgement of No Federal Trademark Infringement and No Unfair Competition

20. All Day Shirts re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21. ShirtSpace claims that All Day Shirts' activities described above, and as alleged in the Demand Letter, constitute violations of the Lanham Act, including federal trademark infringement, dilution, and false advertising. Under a threat of litigation as set forth in the Demand Letter and subsequently, ShirtSpace has demanded that All Day Shirts cease advertising activities that are legal under controlling law and to pay damages to ShirtSpace.

Case No.:                    .

22. An actual, present, and justiciable controversy exists between ShirtSpace and All Day Shirts concerning whether All Day Shirts' advertising constitutes trademark infringement or other violations of the Lanham Act.

23. Plaintiff seeks a declaratory judgment from this Court that the advertising described in the Demand Letter does not constitute trademark infringement or a violation of the Lanham Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor as follows:

A. Declaring that Plaintiff's conduct described in the Demand Letter does not constitute trademark infringement, trademark dilution, unfair competition, or false advertising under the Lanham Act or any controlling laws;

B. Declaring that Defendant has not suffered any - and will not suffer any - harm or damages, and thus, is not entitled to any relief for conduct alleged;

C. Awarding Plaintiff its costs, expenses, and attorneys' fees in this action; and

D. Awarding such other relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

Case No.: 					.

Dated: March 2, 2021

                    Respectfully submitted,

                    BECKER
                    *Attorneys for Plaintiff*
                    1 East Broward Blvd., Suite 1800
                    Fort Lauderdale, FL  33301
                    Telephone:  (954) 987-7550
                    Facsimile:  (954) 985-4176
                    kmarkow@beckerlawyers.com
                    Ebereger@beckerlawyers.com
                    Jshelton@beckerlawyers.com

By: _____
                    KEVIN MARKOW
                    Florida Bar No. 66982
                    EVAN B. BERGER
                    Florida Bar No.  71479